UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RUSSELL GRANT FINNEGAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-309-JD-JEM |
| DAVID CHIDESTER, | |
| Defendant. | |

OPINION AND ORDER

Russell Grant Finnegan, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court is permitted to take judicial notice of the public records and dockets of other courts in determining whether the complaint states a claim. *See* Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *see also Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015) ("As a general rule, we may take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)"). Notably, a plaintiff can plead

himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Here, Finnegan alleges he filed a civil tort claim against his former attorney Jay T. Hirschauer in state court cause number 66C01-2211-CT-000033 in the Pulaski Circuit Court in Pulaski County, Indiana on November 28, 2022. The next day, Judge Mary C. Welker recused herself from the case, and the day after that, the new judge who had been assigned, Judge Crystal A. Kocher, did the same. On January 11, 2023, Magistrate John A. Link of the LaPorte Superior Court #4 accepted the appointment to the case as a special judge. On January 12, 2023, Special Judge Link assigned the case to Senior Judge David Chidester. Senior Judge Chidester proceeded to rule against Finnegan on several matters, and he ultimately dismissed the case. Finnegan claims he did so without jurisdiction or authority and in violation of his constitutional due process rights because Senior Judge Chidester is "not a duly elected or appointed judge of any court or a duly appointed judge pro tempore or special judge," because he was not listed as an eligible special judge pursuant to the Pulaski County Local Rules, and because he was "allowed only by the Indiana State Supreme Court to serve in LaPorte County." ECF 1 at 2–3. He seeks a preliminary and permanent injunction to prevent Senior Judge Chidester from serving as a judge "in any state court case that I have filed or may file in the future." *Id*. at 4. He also seeks "punitive and exemplary" damages. *Id*.

Overall, Finnegan is unhappy that Senior Judge Chidester ruled against him in the state court civil proceedings. However, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636

2

F.3d 834, 838 (7th Cir. 2011); *see also John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.") (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). There is no question that ruling on motions and dismissing a case are judicial acts. *John*, 897 F.2d at 1392 ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity."). Thus, the only issue here is whether Senior Judge Chidester lacked all jurisdiction to do so.[1]

The use of senior judges has been approved by the Indiana Supreme Court and by Indiana statute. As explained by the Indiana Office of Judicial Administration:

> In 1989, the legislature authorized the creation of the Senior Judge program allowing Indiana courts to use the services of retired or former judges to supplement existing judicial resources (IC 33-23-3-1). As envisioned, courts now use senior judges as a replacement in the absence of a regular judge, as a complement to the regular judge or to oversee the processing of certain types of cases or court programs.

*See* https://www.in.gov/courts/admin/senior-judges/ (last visited April 27, 2023). A senior judge "exercises the jurisdiction granted to the court served by the senior judge." IC 33-23-3-3(a)(1). A senior judge appointed to serve in a

---

[1] Finnegan does not allege that the recusal and reassignments of the first three judges were improper, nor could he. Judge Welker recused herself pursuant to Rule 1.2 of the Indiana Code of Judicial Conduct to "avoid impropriety and the appearance of impropriety" because she was "the victim in Superior Court Case 66D01-20005-F5-000010 involving Russell G. Finnegan with a No Contact Order in [the] mentioned case." *See generally Finnegan v. Hirschauer*, cause no. 66C01-2211-CT-000033, Pulaski Circuit Court (filed Nov. 29, 2022), available at: https://public.courts.in.gov/mycase (last visited April 27, 2023). The case was then reassigned to Judge Kocher pursuant to the Pulaski Superior Court Local Rules and Trial Rule 79, but she declined the appointment because Finnegan had previously "expressed his concern of bias" and had named her as a defendant in a separate pending matter. *See id.*; *see also* LR66-TR79-01, available at: https://www.in.gov/courts/files/pulaski-local-rules.pdf (last visited on April 27, 2023). Accordingly, the Pulaski County Clerk of Court appointed Special Judge Link pursuant to the rotating list of judicial officers delineated in the Local Rules—which includes the "LaPorte Superior Court Magistrate." *See id.*

county that has a superior court judge "may, with the consent of . . . any judge of a superior court in the county, sit as the judge of the consenting judge's court in any matter as if the senior judge were the elected judge or appointed judge of the court." IC 33-23-3-3(b)(3). Indiana Court Administrative Rule 5(B)(1) provides that the Indiana Supreme Court may appoint all senior judges certified by the Judicial Nominating Commission to serve in the Court of Appeals, the Tax Court, a circuit court, a superior court, or a probate court. *See* https://www.in.gov/courts/rules/admin/ (last visited April 27, 2023). The specific Indiana Supreme Court order appointing senior judges for 2023 indicates that "all" such senior judges are authorized to serve in "any" of those courts throughout Indiana. *See* https://www.in.gov/courts/files/order-judges-2022-22S-MS-437.pdf (last visited April 27, 2023). Moreover, LaPorte Superior Court #4 is authorized to use fifty-five senior judge days during 2023 "without any additional request to [the Indiana Supreme Court]." *See id*. Indiana Court Administrative Rule 5(B)(4) discusses the procedure for using senior judges, noting that a presiding judge must issue an order providing the name of the senior judge, the day(s) and service hours the judge will be conducting business, and a verification that the senior judge does not practice law in that court. *See* https://www.in.gov/courts/rules/admin/ (last visited April 27, 2023). Once that order is filed, a senior judge "retains jurisdiction in an individual case on the order of the presiding judge of the court in which the case is pending." *Id*.

David Chidester was initially certified as a senior judge by the Indiana Supreme Court pursuant to IC 33-27-4-1 on December 10, 2020, effective January 1, 2021. *See* https://www.in.gov/courts/files/order-judges-2020-20S-MS-675.pdf (last visited April 27, 2023). He was most recently recertified on December 20, 2023, which is valid through the end of this year. *See* https://www.in.gov/courts/files/order-judges-2022-22S-MS-417.pdf (last visited April 27, 2023). As noted above, that recertification from the Indiana Supreme Court authorized him to serve on "any circuit, superior, or probate court during 2023." *See* https://www.in.gov/courts/files/order-judges-2022-22S-MS-437.pdf (last visited April 27, 2023). Pursuant to Indiana Court Administrative Rule 5(B)(4), Special Judge Link issued an order in cause number 66C01-2211-CT-000033 on January 12, 2023, naming Senior Judge Chidester as the presider in that matter. *See generally Finnegan v. Hirschauer*, cause no. 66C01-2211-CT-000033, Pulaski Circuit Court (filed Nov. 29, 2022), available at: https://public.courts.in.gov/mycase (last visited April 27, 2023). The order indicates Senior Judge Chidester is to serve on the case during regular business hours of the court, that he verified in writing he does not practice law before the court, and that the order was entered into the record of judgments and orders. *Id.*[2] As such, Finnegan's claims that Senior Judge Chidester acted

---

[2] Of note, naming a senior judge to preside over a case comports with the caseload allocation plan found in the LaPorte County Circuit and Superior Courts Local Rule of Practice and Procedure LR 46 – AR 1(E). *See* https://www.in.gov/courts/files/laporte-local-rules.pdf (last visited April 27, 2023) ("Efforts to reduce caseload disparity shall include requests to the Indiana Supreme Court for the appointment of present Senior Judges to serve various courts of La Porte County, as opposed to a singular designated court."); *see also* https://www.in.gov/courts/files/order-local-rules-2022-22S-MS-456.pdf (last visited April 25, 2023) (Indiana Supreme Court Order Approving Amended Local Rules for LaPorte County regarding caseload allocation, effective Jan. 1, 2023).

without any jurisdiction are flatly contradicted by the public record. Thus, he cannot obtain monetary damages from Senior Judge Chidester for issuing orders in his case because he is immune from such liability, and Finnegan's injunctive relief claims are likewise without merit.³

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to close this case.

---

³ Moreover, even if there was a technical defect in the appointment order(s), a violation of state law appointment requirements would not form the basis for a federal constitutional claim.

> The *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient. The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly function of the government despite technical defects in title to office. The doctrine has been relied upon by this Court in several cases involving challenges by criminal defendants to the authority of a judge who participated in some part of the proceedings leading to their conviction and sentence.

*Ryder v. United States*, 515 U.S. 177, 180-81 (1995) (quotation marks and citations omitted); *see also Vargas v. Cook County Sheriff's Merit Bd.*, 952 F.3d 871, 873 (7th Cir. 2020) (citing to the *de facto* officer doctrine with approval and noting that "[a] violation of state law is not a federal due-process violation, so the defect in the Board's membership is not a basis for a federal constitutional claim"). Thus, applying the *de facto* officer doctrine, even if Senior Judge Chidester was improperly appointed or the order naming him as presider contained technical defects, there is no valid federal constitutional basis for Finnegan to challenge the legitimacy of his appointment here.

SO ORDERED on April 27, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT